UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD L. MORGAN, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:03CV1841 CDP |
| ) | |
| DONNA McCONDICHIE, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the petition of Ronald L. Morgan, Sr., for a writ of habeas corpus under 28 U.S.C. § 2254. Because I agree with respondent that all of Morgan's claims are procedurally barred because he failed to fairly or properly present them to the Missouri courts, I will deny the petition for habeas relief.

## I.    Background

Petitioner Ronald L. Morgan is currently incarcerated in the Southeast Correctional Center in Charleston, Missouri. Following a jury trial in the Circuit Court of Madison County, Morgan was convicted of four counts of tampering and four counts of stealing. Morgan, who was found to be a prior and persistent offender, was sentenced to consecutive terms of five years for each of the eight counts, for a total of forty years' imprisonment.

Morgan appealed his conviction to the Missouri Court of Appeals, which summarily denied the appeal without written opinion. He then filed a motion for rehearing or transfer to the Missouri Supreme Court, which was also denied. Morgan next filed an application for transfer to the Missouri Supreme Court, which was denied. Finally, he filed a motion to recall the mandate, which the Missouri Court of Appeals denied on November 24, 2003.

On December 23, 2003, Morgan filed the present habeas corpus petition. He seeks federal habeas corpus relief based on the following grounds:

1. The trial court violated his federal rights under the confrontation clause and to due process and equal protection by granting the state's motion in limine precluding Morgan from questioning the arresting officer about exculpatory statements Morgan made to the officer at the time of his arrest.

2. The trial court violated his federal rights to due process and equal protection by submitting jury instructions that were in fatal variance to the crimes charged.

3. The trial court violated his right to counsel by refusing to continue the trial when Morgan's counsel became ill the day before trial.

4. Morgan's Constitutional right to remain silent was violated by the prosecutor's comments in his closing argument relating to Morgan's failure to explain the evidence against him.

Respondent contends that all of these claims are procedurally barred because they were not fairly or properly presented to the state courts.

## II. Legal Standards

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). To meet the exhaustion requirement, a petitioner must "'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Conner, 404 U.S. 270, 275 (1971)). In particular, a petitioner must fairly present the substance of each claim to the appropriate state court, thereby alerting the state court to the federal nature of each claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan, 513 U.S. at 365-66.

A petitioner has fairly presented a claim when he has "properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." Wemark, 322 F.3d at 1021 (internal citations and quotations omitted). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin, 541 U.S. at 32.

In Baldwin, the Supreme Court explicitly held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Id. Mere similarities between the state law claims and the federal habeas claims are insufficient to meet the fair presentment requirement of exhaustion. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997); see also McDougald v. Lockhart, 942 F.2d 508, 510 (8th Cir. 1991) ("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court.").

Habeas petitioners must comply with state procedural rules in presenting their claims, and if a state court refuses to hear the claim based on an adequate and independent state rule -- whether substantive or procedural -- the claim is procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 729 (1991). When a petitioner procedurally defaults on a claim in state court, that claim is not preserved for federal habeas corpus review. See Fleiger v. Delo, 16 F. 3d 878, 884 (8th Cir. 1994). In order to overcome procedural default of a claim, a petitioner must demonstrate cause for the default and prejudice from the alleged violations of the Constitution, or must show that failure to consider the claims would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. at 750. To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply" with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). The "miscarriage of justice" exception applies only where the petitioner is "actually innocent" of the crime for which he was convicted. McCoy v. Lockhart, 969 F.2d 649, 651 (8th Cir. 1992).

## III. Discussion

Respondent contends that Morgan is procedurally barred from presenting each of the claims in his petition because he failed to properly present them to the state courts. Moreover, Respondent asserts that Morgan cannot overcome the

default because he can show neither cause for and prejudice from the procedural default nor actual innocence. Indeed, Morgan does not assert cause for procedural default nor does he assert actual innocence.

**Claims 1 and 2: Exclusion of Evidence and Improper Jury Instructions**

In his first claim Morgan contends that his Sixth Amendment confrontation rights and his due process rights were violated because the trial court refused to allow his lawyer to elicit testimony from the arresting officer of certain exculpatory statements Morgan made at the time of his arrest.[1] In his second claim he alleges that his federal due process and equal protection rights were violated by the court's giving jury instructions that were at variance to the indictment.

Morgan did present a state-law version of these claims on direct appeal. Morgan's first point on direct appeal was:

> The trial court erred in not allowing the appellant to inquire as to statements he made to arresting officers because this evidence was permissible as explanatory of previously introduced evidence and also the state had opened the line of inquiry by inquiring of similar statements in its direct examination.

His second point on appeal was:

---

[1] In each of his grounds for habeas relief, Morgan recites that his conviction violates his "rights to a fair trial, fair and impartial jury, to confrontation, due process, equal protection, fundamental fairness and to a defense, as guaranteed by the fifth, sixth, eighth and fourteenth amendments to the United States Constitution."

> The trial court erred in submitting Instructions Number 8, 10, 12, and 14 to the jury because these instructions were at variance with the information filed on the four counts of stealing in this cause.

However, in Morgan's state court briefs he never argued that either of these points raised federal claims. He presented the cross-examination issue strictly as one of relevance and hearsay, both matters of state evidentiary law. He cited only state law and state cases in support of his claim, and nothing from his briefs or those cases could be expected to put the state court on notice that he was raising a federal claim. His jury instruction claim also relied only on state statutes, cases, and approved jury instructions. None of the cases he cited relied on federal law related to the issues he raises here. Because Morgan did not fairly present his federal claims to the Missouri courts, he is procedurally barred from bringing them in this federal habeas proceeding.

**Claims 3 and 4: Right to Counsel and Improper Closing Arguments**

Morgan did not raise either his third or his fourth ground for relief on direct appeal. He raised these claims for the first time in state court when he filed his motion to recall the mandate with the Court of Appeals. The Court of Appeals denied the motion without explanation.

In Missouri, most claims cannot be raised for the first time in a motion to recall the mandate, and for a defendant to attempt to do so is a violation of state

procedural rules. Hall v. Delo, 41 F.3d 1248,1250 (8th Cir. 1994). "A motion to recall the mandate is not a means for presenting the merits of every constitutional claim that could have been raised on direct appeal or in a postconviction proceeding but was not." Id. Rather, "[i]n Missouri, a motion to recall the mandate is proper only when a state prisoner alleges that his appellate counsel was ineffective or argues that the appellate court's opinion directly conflicts with a decision of the United States Supreme Court." Jones v. Jerrison, 20 F.3d 849, 856 (8th Cir. 1994).

Because both of these claims were raised for the first time in the motion to recall the mandate, and neither raises an issue with respect to the effectiveness of Morgan's appellate counsel or the integrity of a state appellate court opinion, they were not raised properly under Missouri's procedural rules. The state court summarily denied the motion to recall the mandate. Morgan has shown nothing that would overcome his procedural default, and so both claims are procedurally barred.

## IV. Certificate of Appealability

Because the petitioner cannot make a substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Ronald L. Morgan, Sr., for writ of habeas corpus [#1] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

**IT IS FURTHER ORDERED** that the reference of this matter to a Magistrate Judge is vacated.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2005.